No. 664
STATE v. GUINCA

Ohio Appeals, 5th Dist., Stark Co.

Decided Nov. 10, 1923.

Note—Motion to certify in this case overruled. Feb. 19, 1924; 2 Abs. 148.

661. INTOXICATING LIQUOR.—1. Possession of grape juice which by fermentation has become intoxicating and is kept for beverage purposes, is violation of Prohibition Statutes.

2. Fact that change has taken place in character of liquor due to processes of nature, of no avail.

3. "Crabbe Act" to be construed against violator.

327. COURTS—To construe statutes as found, and not to arbitrarily set them aside.

HOUCK, J.

Alex. Guinca was convicted in the Canton Municipal Court for illegal possession of intoxicating liquor, in violation of 6212-15 GC. Guinca owned a garage not far from his residence in the city of Canton, in which police officers, armed with a warrant, found twenty-five, 50 gallon barrels of grape wine, most of which were full.

Guinca testified that three and one-half barrels were fit for beverage purposes, and that when the wine was made it was as sweet as honey; that he drilled a hole in the barrels so that the liquid would work out and not burst the barrels. The State claimed that the liquid contained more than one-half of one per cent alcohol and was fit for beverage purposes.

## STATE COURT OF APPEALS, Continued

The Municipal Court render a judgment in favor of the State, it being reversed in the Stark Common Pleas. Error was prosecuted from the Common Pleas, and it was contended by Guinca that the possesion of the wine admitted to contain more than one-half of one per-cent alcohol, where nothing was done by any of the parties who made it to cause or prevent fermentation of the grape juice, is not in violation of the Crabbe Act". It was sought to justify the reversal of the judgment of the Municipal Court in that the liquor in question was fruit juice, which it was not at the time its unlawful possession was charged. The Court of Appeals held:

1. Proper interpretation of the "Crabbe Act" can lead to but the conclusion that where processes of nature were permitted to cause what was in the first instance non-intoxicating grape juice, to become intoxicating, said liquid admitted to be used for beverage purposes, that possession of same is unlawful.

2. The preamble to the Crabbe Act plainly shows that it is to be construed against the violator and not in his favor.

3. Courts must construe statutes and constitutional enactments as they are found. If they are harsh, unwise, or not in accord with sound public sentiment the remedy is not within the power of the courts to arbitrarily set them aside, but rests upon the people, the legislature, and constitutional convention to remedy same, if deemed necessary. Judgment of Common Pleas reversed and that of Municipal Court affirmed.

Attorneys—Thomas M. Miller and J. S. Hilton for State; U. S. Johnston for Guinca; all of Canton.